UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANGELO DIXON, JR., | : | CIV. NO. 1:25-cv-01915 |
| Plaintiff, | : | (Judge Munley) |
| v. | : | (Magistrate Judge Schwab) |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

Plaintiff Michael Angelo Dixon, Jr. ("Dixon") brings a myriad of claims against 11 defendants, including the Commonwealth of Pennsylvania, Cumberland County, Carlisle Borough, and eight individuals, some of whom are noted to be Cumberland County employees. The complaint is confusing, but the claims appear to be based on the defendants' failure to comply with the federal oath of office requirements. Because, after conducting a preliminary review of the complaint, we conclude that it fails to state a claim upon which relief can be granted, we recommend that the court dismiss the complaint and close the case.

**II. Background.**

Dixon initiated this case by filing a complaint pro se on October 14, 2025. *Doc. 1*. Dixon also filed a motion for leave to proceed *in forma pauperis*, which we granted. *Docs. 2, 4*. On October 30, 2025, Dixon filed a motion for a temporary restraining order and a motion or summary judgment. *Docs. 5, 6*. He did not file briefs in support, however, so we considered those motions withdrawn. *Doc. 9*. On November 6, 2025, Dixon filed an amended complaint.[1] *Doc. 8*. The following facts are taken from the amended complaint.[2]

---

[1] The amended complaint begins with two copies of a document titled "Notice of Removal" ("Notice of Removal Letter") which is addressed to "COMMONWEALTH OF PENNSYLVANIA" and states that it "serves to inform you that we are submitting our formal notice to transfer above caption [sic] legal cases from our current Commonwealth Court Jurisdiction to a Federal Court." *Doc. 8* at 1. The only case identified in the notice of removal letter, however, is the present case which was initiated in this court by a complaint. *Id.* The amended complaint contains two more identical copies of this Notice of Removal Letter throughout. *See id.* at 3–4, 6–7. Despite this unorthodox inclusion of a document titled "Notice of Removal" in an amended complaint, we treat it as an amended complaint based on the handwritten note on the Notice of Removal Letter that reads "Amended Rule 15[,]" the inclusion of a form complaint in the filing, and Dixon's affirmative statement that "[t]his is an amended complaint by way of Rule 15" (*id.* at 12).

[2] The amended complaint includes: (1) three copies of the Notice of Removal Letter; (2) a typed page titled "Statement of Jurisdiction"; (3) a form complaint with two pages of supplemental materials clearly referring to questions on the form complaint; (4) a typed list of defendants; (5) a typed list of "charges"; (6) a typed form titled "Statement of Claim" with blanks that Dixon appears to have filled in; (7) a copy of oaths of office signed by some of the defendants; (8) what appears to be a screenshot of a table listing "Authority for Fines (Damages) Caused by Crimes by Government Officers"; (8) a Pennsylvania

Dixon lists 11 defendants: (1) the Commonwealth of Pennsylvania ("the Commonwealth"); (2) Cumberland County ("the County"); (3) Carlisle Borough ("the Borough"); (4) Elizabeth S. Beckley ("Beckley"); (5) Jonathan Birbeck ("Birbeck"); (6) Kathryn H. Silcox ("Silcox"); (7) Daniel Freedman ("Freedman"); (8) Cumberland County Court of Common Pleas Judge Matthew Peter Smith ("Judge Smith"); (9) Cumberland County Court of Common Pleas Judge Michelle H. Sibert ("Judge Sibert"); (10) Cumberland County Recorder of Deeds Tammy Shearer ("Shearer"); and (11) Cumberland County Court of Common Pleas Judge Christylee L. Peck ("Judge Peck"). *Doc. 8* at 10.

According to Dixon, the defendants failed "to comply with supreme law of the land, which requires all individuals except the president elected or appointed to office of honor or profit, and the civil service or uniform service to take an oath outlined in 5 U.S.C. 3331." *Id.* at 11 (errors in original). Specifically, per Dixon, "[n]o defendant can prove compliance" because "[n]one of [the] defendants have their legal name on oath as required." *Id.* Dixon asserts that:

> In failing to do as required by the United States Constitution/Supreme Law of the Land defendants have violated plaintiffs 1st, 4th, 5th, and 14th U.S.C.A. Defendants actions have deprived plaintiff of I. equal protection under , 2.A Fair and Impartial Trial , and 3. Due Procee & Takings clause.

---

Department of State form which states Dixon's "desir[e] to amend or withdraw owners from a fictitious name registration"; (9) a Cumberland County "instrument summary list"; and (10) a legal advertisement published in the Cumberland Law Journal titled "fictitious name[.]" *Docs. 8, 8-1*.

> Furthermore defendants lack of action is obstruction of Justice
> and have deprived plaintiff of Life and Liberty; knowingly,
> willingly, and intentionally 18 § 241 and 28 § 242.

*Id.* at 12 (errors in original).

Dixon lists 28 claims: 5 U.S.C. § 3331; 18 U.S.C. §§ 219, 241, 242, 872, 876, 912, 1001, 1341, 1918, 1961–68, 3571; 26 U.S.C. § 7701(a)(1); 28 U.S.C. §§ 1455(a), 3002(15); 42 U.S.C. §1986; 25 C.F.R. §§ 11.417, 11.420, 11.432; violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights; and "obstruction of justice[.]" *Id.* at 9, 11, 12, 14.

### III. Standard of Review.

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This statutory text mirrors the language of Fed. R. Civ. P. 12(b)(6), which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F. 3d 223, 229 (3d Cir. 2010).

In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a

complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. Discussion.

Dixon's amended complaint suffers from several fatal flaws.[3] Most importantly, Dixon does not appear to have standing to pursue these claims.

---

[3] In addition to Dixon's lack of standing discussed below, Dixon's claims are also brought pursuant to inapplicable or inappropriate statutes. Specifically, five of the statutes he cites contain no cause of action whatsoever. *See* 5 U.S.C. § 3331 ("oath of office"); 18 U.S.C. § 3571 ("Sentence of fine"); 26 U.S.C. § 7701(a)(1) (defining the term "person"); 28 U.S.C. §§ 1455(a) ("procedure for removal of criminal prosecutions"), 3002(15) (setting forth the definition of the United States). Additionally, 12 of the statutes are criminal—punishable by fines or imprisonment or both—and, as such, they do not provide a private cause of action and plaintiffs cannot seek the punishments outlined therein through a civil complaint. *See* 18 U.S.C. §§ 219 ("officers and employees acting as agents of foreign principals"), 241 ("conspiracy against rights"), 242 ("deprivation of rights under color of law"), 872 ("extortion by officers or employees of the United States"), 876 ("mailing threatening communications"), 912 ("Officer or employee of the United States"), 1001 ("statements or entries generally"), 1341 ("frauds and swindles"), 1918 ("disloyalty and asserting the right to strike against the Government"); 25 C.F.R. §§ 11.417 ("extortion"), 11.420 ("tampering with records"), 11.432 ("impersonating a public servant"). Dixon also cites RICO, but it is entirely unclear how the statute applies to the defendants' alleged failure to properly take the oath of office. *See* 18 U.S.C. §§ 1961–68.
   Dixon also alleges violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights, which would be properly brought pursuant to 42 U.S.C. § 1983. These claims are also flawed, however, as some of the defendants are not alleged to be state actors as required for § 1983 claims; some of the defendants would be entitled to immunity; and claims against the County or Borough would require allegations missing from the amended complaint (specifically, allegations to establish *Monell* liability). Moreover, as we discuss

7

"By requiring the plaintiff to show an injury in fact, Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." *Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). "For example, a citizen does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally." *Id.* (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982)). "A citizen may not sue based only on an 'asserted right to have the Government act in accordance with law.'" *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 754 (1984)). "Nor may citizens sue merely because their legal objection is accompanied by a strong moral, ideological, or policy objection to a government action." *Id.* (citing *Valley Forge*, 454 U.S. at 473). Article III standing asks "whether the plaintiff can demonstrate an injury in fact that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a favorable judicial decision." *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 560 (D.N.J. 2011) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 102–03 (1998)).

---

below in relation to standing, it is entirely unclear how the facts alleged violated Dixon's federally protected rights.

Finally, Dixon cites 42 U.S.C. § 1986, which is derivative of 42 U.S.C. § 1985 and requires some sort of class-based discriminatory animus, which is not alleged here.

Here, Dixon complains that certain officeholders failed to properly take their oath of office because they do not have their "legal name" on the oath "as required." *Doc. 8* at 11.  Dixon asserts that "[i]n failing to do" so the "defendants have violated" his constitutional rights. *Id.* at 12.  Dixon does not connect these two assertions, however. *See generally id.*  From the amended complaint it is entirely unclear whether Dixon has interacted with any of the individual defendants, or how he was at all affected by their alleged failure to properly take the oath of office.  Thus, we conclude from the amended complaint that Dixon does not have standing to pursue this case.  Instead, he appears to be asserting some sort of general objection to the defendant's actions.

Moreover, it appears that Dixon's objection is based on sovereign-citizen style legal theories. *See doc. 8 passim* (citing bond numbers for various defendants; including a "charge sheet"; referring to Dixon as "citizen of Pennsylvania Republic"; including a form regarding amending a "fictitious name" (which is clearly designed for business, property management, or real estate management) changing his name from "Michael Angelo Dixon Jr" to "Dixon Michael Angelo Jr"; and including an advertisement in which Dixon refers to himself as an estate).  Although "[n]ot all sovereign citizens share the same beliefs," "generally, sovereign citizens believe that they are not subject to federal, state, or local law or courts' jurisdiction." *Ewans v. New Jersey*, No. 25-1368, 2025 WL 2630569, *1

9

n.1 (3d Cir. Sept. 12, 2025). "Courts in this circuit routinely dismiss sovereign citizen theories as frivolous." *Whaley v. Pennsylvania*, No. 4:25cv1007, 2025 WL 3174559, *4 (M.D. Pa. Nov. 13, 2025); *see also id. n.12* (collecting cases). Such quasi-legal theories cannot form the basis of a cognizable claim.

We thus conclude that Dixon lacks standing to pursue his claims. We, therefore, recommend that the court dismiss the amended complaint. Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). As described above, Dixon lacks standing. Even if he were to amend to assert standing, however, his claims are based on a frivolous legal theory. Moreover, many of his claims are based on statutes without causes of action he can pursue. Accordingly, we recommend that the court not grant Dixon leave to file a second amended complaint.

## V. Recommendation.

Based on the foregoing, we recommend that the court dismiss Dixon's complaint and close the case.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. ' 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of December, 2025.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
